**In re RODOLITZ HOLDING CORP., Abraham J. Rodolitz and Anna Rodolitz, Debtors.**

**Bankruptcy Nos. 893–80785–167, 893–80786–167.**

United States Bankruptcy Court, E.D. New York.

Sept. 6, 1996.

E. Flint, Shaw, Licitra, Parente, Esernio & Schwartz, P.C., Garden City, NY, for Debtors.

A.S. Mandelup, Pryor & Mandelup, L.L.P. ("P & M"), Westbury, NY, for Pryor & Mandelup (Former Chapter 7 Trustee).

R. Stern ("Former Trustee"), Macco, Hackling & Stern, Huntington, NY, for Richard Stern, Former Chapter 7 Trustee.

## MEMORANDUM OF DECISION ON APPLICATIONS FOR FEES AND REIMBURSEMENT OF EXPENSES BY FORMER CHAPTER 7 TRUSTEE AND COUNSEL

FRANCIS G. CONRAD, Bankruptcy Judge.

Before this Court are applications[1] for final allowance of compensation and reimbursement of expenses by Former Trustee of Debtors and Former Trustee's bankruptcy counsel, P & M. Former Trustee seeks the sum of $8,575.00 for fees and $57.92 for reimbursement of expenses for the period from September 8, 1995 through January 9, 1996, for a total sum of $8,632.92. P & M seeks the sum of $44,552.50 for fees and $1,052.89 for reimbursement of expenses for the period from September 21, 1995 through February 7, 1996, for a total sum of $45,605.39. Debtors filed an objection to both Fee Applications.

The applications are granted in part and denied in part because some of the work performed was necessary and benefited the estate; the remainder did not.

**1.** Our subject matter jurisdiction over this controversy arises under 28 U.S.C. § 1334(b) and the General Reference to the Court under Rule 4 of the General Rules of the United States District Court for the Eastern District of New York. This is a core matter under 28 U.S.C. § 157(b)(2)(A).

## BACKGROUND

On July 20, 1994, these cases were converted from Chapter 11 to Chapter 7 under the Bankruptcy Code.[2] On August 15, 1994, Former Trustee was appointed Chapter 7 trustee. Debtors appealed the conversion order and on August 19, 1994, Former Trustee and Debtors consented to the vacatur of the July 20, 1994 Order by the District Court.

On September 7, 1995, this Court (Ryan, J.), *sua sponte,* entered a second order converting these cases to Chapter 7 (the "Conversion Order"). Addressing the prior conversion of the cases, the Conversion Order contains the statement: The Chapter 7 trustee, Richard Stern, participated in the vacatur activities. Inexplicably, he did not seek to defend his appointment. Instead he tacitly consented to his "disappointment." (Conversion Order at p. 9).

By Notice of Appointment dated September 8, 1995, the United States Trustee again authorized Former Trustee to be the Chapter 7 trustee. On September 18, 1995, Debtors filed a notice of appeal of the Conversion Order and a stay application under Fed. R.Bkrtcy.P. R. 8005, pending the appeal.[3] Also on that date, Former Trustee filed an application for an order authorizing him, *inter alia,* to conduct the business of the Debtors, for a limited period, under section 721. On September 21, 1995, Judge Ryan declined to hear the conduct of business motion finding he did not have jurisdiction to hear it while an appeal of the second Conversion Order was pending. On October 4, 1995, Debtors requested, and the District Court granted, that the hearing on the Stay Application be held simultaneously with the conduct of business motion[4] on October 6, 1995. By order dated October 6, 1995, the District Court granted a stay of the Conversion Order.

Former Trustee directed his counsel to immediately prepare opposition papers to the appeal. P & M prepared and filed the Trustee's opposition papers and appeared in District Court for the hearing. At the hearing, the District Court directed the Debtors to provide the Former Trustee with a copy of the appeal papers and the hearing was adjourned to October 13, 1995. P & M prepared for the hearing on the Stay Application and appeared in district court in October 1995, participating in a four hour hearing on the Stay Application. The District Court granted the Stay Application and scheduled an expedited briefing schedule with respect to the appeal of the Conversion Order. P & M vigorously opposed the appeal of the Conversion Order, expending many hours drafting papers in opposition, and preparing for and attending the hearing before the District Court. On November 17, 1995, the Conversion Order was reversed and remanded to this Court.

## DISCUSSION

◼ At the heart of this dispute is the necessity of the legal services for which P & M seek compensation, including, but not limited to, the Former Trustee's defense of his appointment as trustee by instructing his counsel to oppose Debtors' appeal of the Conversion Order and Debtors' motion for a stay pending the appeal. Debtors contend that the compensation sought is not reasonable and the services rendered by P & M were not necessary or appropriate because the Former Trustee lacked standing, as he was not a party-in-interest at the time Judge Ryan ordered the case converted and played no role in the Court's *sua sponte* conversion hearing.

We are sensitive to Former Trustee's and P & M's position that the services rendered were necessary "because Judge Ryan had made the Trustee's previous 'disappointment,' as Chapter 7 trustee, an issue in the Conversion Order" (as discussed herein). Therefore, Former Trustee and P & M argue, "the Trustee felt an obligation to ensure that he fulfilled his professional as well as fiduciary obligations to the greatest extent

---

**2.** Unless otherwise indicated, all statutory references are to Title 11 of the United States Code.

**3.** As of September 18, 1995, eleven (11) days after the entry of the Conversion Order, Former Trustee had not received notice that the Debtor had filed an appeal of the Conversion Order.

**4.** We know of no action taken by the District Court on the conduct of business motion.

possible." (Response at p. 3) Both the Former Trustee and P & M are experienced bankruptcy counsel. They are intimately familiar with the duties of a Trustee as set forth under the Bankruptcy Code. While we are sensitive to "lawyers' paranoia," in our view, it was improper for them to take the gratuitous statement by Judge Ryan and turn it into a directive. Most importantly, Former Trustee and P & M have failed to demonstrate that their services were necessary to protect the interests of, and provide a benefit to, the creditors of these estates.

In support of their Fee Applications, Former Trustee and counsel rely upon section 503(b)(3)(E) of the Bankruptcy Code. This section provides for administrative expense compensation [5] for superseded pre-petition custodians of estate property. The section provides:

> (b) After notice and a hearing, there shall be allowed administrative expenses ... including—
>> (3) the actual, necessary expenses, ... incurred by—
>>> (E) a custodian superseded under section 543 of this title, and compensation for the services of such custodian.

11 U.S.C. § 503(b)(3)(E).

A custodian is defined in section 101(11)(C) to include a:

> trustee, receiver, or agent under applicable law, or under a contract, that is appointed or authorized to take charge of property of the debtor for the purpose of enforcing a lien against such property, or for the purpose of general administration of such property for the benefit of the debtor's creditors.

11 U.S.C. § 101(11)(C).

Former Trustee and P & M contend that they were acting as agents who exercised effort to benefit debtors' creditors, and therefore are entitled to such compensation. We find this argument novel but without merit for two reasons. First, all the elements of section 101(11)(C) are not satisfied. Specifically, we find that Former Trustee and P & M did not, by opposing Debtors'

Stay Application and appeal of the Conversion Order, take charge of property of the debtor to generally administer the property for the benefit of creditors. This Court finds that Former Trustee and P & M went beyond the bounds of their duties, as set forth under section 704, because the time spent on such activities provided no benefit to the Debtors' estates. Indeed, the actions served only to increase the cost of administering the estates. Second, Congress never intended a Chapter 7 trustee to be included under section 101(11)(C). Rather, compensation of Chapter 7 trustees is governed under sections 326 and 503(a). Therefore, such time and expenses are not compensable under section 503(b)(3)(E). The conduct of business motion is another matter, however.

■ Following appointment by the United States Trustee, a Chapter 7 trustee is charged with the statutory duties enumerated under section 704. Section 704 directs a trustee to "collect and reduce to money the property of the estate for which such trustee serves ..." 11 U.S.C. § 704(1). We find that the Former Trustee and P & M correctly made the conduct of business motion because Debtors own and operate numerous parcels of real estate and buildings that require daily maintenance and attention. Additionally, one of a trustee's duties would be the collection of any income generated by the buildings and monitoring of the tenants' operations. As a result, the filing of the conduct of business motion was necessary to fulfill a trustee's obligation under section 704. Therefore, those portions of the Fee Applications seeking compensation and reimbursement of expenses relative to the conduct of business motion are allowable under section 503(b)(1)(A).

*CONCLUSION*

We hold that Former Trustee and P & M are not entitled to an administrative claim under section 503(b)(3)(E) for legal services performed and expenses disbursed in opposing the Stay Application and appeal of the Conversion Order. They are allowed, howev-

---

**5.** A custodian is entitled to such compensation for reasonable expenses incurred in working with the debtor. 11 U.S.C. §§ 503(b)(3)(E) and 507(a)(1).

er, fees and expenses for administering assets. Accordingly, the Fee Applications filed for final allowance of compensation and reimbursement of expenses by the Trustee and P & M will be denied in part and granted in part. P & M is directed to settle an order accompanied by time and expense sheets reflecting a breakdown of time and expenses disallowed and allowed consistent with this decision.